UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID LAPELL #258277**      **CIVIL ACTION**

**versus**     **NO. 07-1238**

**BURL CAIN, WARDEN**     **SECTION: "B" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, David Lapell, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 16, 1995, he pled guilty to a charge of attempted simple burglary of an inhabited dwelling in violation of Louisiana law. On that same date, he was sentenced to four years in prison; however, that sentence was suspended and he was placed on active probation for a term of four years.[2] His probation was subsequently terminated unsatisfactorily by the state district court on May 16, 1996.[3] Petitioner did not appeal his conviction, his sentence, or the termination of his probation.[4]

On or about June 11, 1998, petitioner filed with the state district court an application for post-conviction relief which was denied on August 7, 1998.[5]

On or about February 4, 1999, petitioner filed with the state district court a motion to correct an illegal sentence[6] which was denied on June 15, 1999.[7]

---

[2] State Rec., Vol. II of II, transcript of June 16, 1995; State Rec., Vol. I of II, minute entry misdated June 14, 1995; State Rec., Vol. I of II, guilty plea form.

[3] State Rec., Vol. I of II, Order dated May 16, 1996.

[4] In 1999, petitioner was granted an out-of-time appeal in an unrelated case. However, as the state notes in its response, that out-of-time appeal did not apply to the instant conviction, see Rec. Doc. 8, p. 5 n.6, a fact petitioner does not dispute. Nevertheless, even if the out-of-time appeal had applied to the instant conviction, it would not have affected the timeliness of petitioner's federal application. Juarbe v. Cain, Civ. Action No. 06-0513, 2006 WL 2849859, at *3-5 (E.D. La. Sept. 29, 2006); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *5-6 (E.D. La. Sept. 5, 2006).

[5] State Rec., Vol. I of II, Order dated August 7, 1998. On August 24, 1998, petitioner apparently filed a motion for reconsideration of that denial. State Rec., Vol. I of II. It is unclear whether a ruling was issued with respect to that motion.

[6] State Rec., Vol. I of II.

[7] State Rec., Vol. I of II, Order dated June 15, 1999.

Petitioner next filed with the state district court an application for post-conviction relief on or about August 30, 2001,[8] and an amended application on or about September 20, 2001.[9] The original application was denied on September 21, 2001,[10] and the amended application was denied on September 27, 2001.[11] Petitioner filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[12] which was denied on October 18, 2001.[13] He then filed with the Louisiana Supreme Court an application for a writ of certiorari[14] which was denied on October 25, 2002.[15]

On or about April 22, 2002, petitioner filed with the state district court another application for post-conviction relief.[16] That application was denied on May 29, 2002.[17]

---

[8] State Rec., Vol. I of II.

[9] State Rec., Vol. I of II.

[10] State Rec., Vol. I of II, Order dated September 21, 2001.

[11] State Rec., Vol. I of II, Order dated September 27, 2001.

[12] State Rec., Vol. II of II.

[13] State v. Lapell, No. 01-KH-1175 (La. App. 5th Cir. Oct. 18, 2001) (unpublished); State Rec., Vol. I of II.

[14] State Rec., Vol. II of II.

[15] State ex rel. Lapell v. State, 827 So.2d 1165 (La. 2002) (No. 2001-KH-3265); State Rec., Vol. I of II.

[16] State Rec., Vol. I of II.

[17] State Rec., Vol. I of II, Order dated May 29, 2002.

On or about December 9, 2005, petitioner filed with the state district court yet another application for post-conviction relief.[18] That application was denied on December 19, 2005.[19]

On or about February 13, 2006, petitioner filed with the state district court a motion to withdraw his guilty plea.[20] That motion was denied on February 16, 2006.[21] He next filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[22] which was denied on March 24, 2006.[23] He then filed with the Louisiana Supreme Court a related writ application[24] which was denied on January 26, 2007.[25]

In the interim, on or about November 20, 2006, petitioner apparently returned to the state district court to file a motion to secure an order of dismissal[26] which was denied on December 8, 2006.[27]

---

[18] State Rec., Vol. I of II.

[19] State Rec., Vol. I of II, Order dated December 19, 2005.

[20] State Rec., Vol. II of II.

[21] State Rec., Vol. II of II, Order dated February 16, 2006.

[22] State Rec., Vol. II of II.

[23] State v. Lapell, No. 06-KH-198 (La. App. 5th Cir. Mar. 24, 2006) (unpublished); State Rec., Vol. II of II.

[24] State Rec., Vol. II of II.

[25] State ex rel. Lapell v. State, 948 So.2d 160 (La. 2007) (No. 2006-KH-1368); State Rec., Vol. II of II.

[26] A copy of that motion is not contained in the state court record.

[27] State Rec., Vol. I of II, Order dated December 8, 2006.

On February 27, 2007, petitioner filed the instant federal application for *habeas corpus* relief.[28] In support of his application, petitioner claims that his guilty plea was involuntary, coerced, and fraudulently induced, and that he received ineffective assistance of counsel with respect to that plea. He further claims that the Louisiana Supreme Court wrongly denied as untimely his application to withdraw his guilty plea.

The state contends that petitioner's federal application is untimely.[29] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction and sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).[30] With respect to prisoners such as Lapell whose conviction and sentence became final prior to the enactment of the AEDPA, the United States Fifth Circuit Court of Appeals has held that a one-year grace period applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Therefore, the one-year period that petitioner had to file his application for federal *habeas corpus* relief expired on April 24, 1997, unless that deadline was extended through tolling. Id.[31]

---

[28] Rec. Doc. 1.

[29] Rec. Doc. 8.

[30] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[31] Petitioner concedes that his conviction became final in 1995. However, he argues that, because his 1998 state post-conviction application was filed within the applicable state prescriptive period, the commencement of the federal statute of limitations was delayed until those state proceedings concluded. Rec. Doc. 9, pp. 3-4. He is clearly wrong. Flanagan v. Johnson, 154 F.3d

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, from April 24, 1996, through April 24, 1997, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[32]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that

---

196, 199 n.1 (5th Cir. 1998).

In related motion filed in this case, petitioner also concedes that his federal application is untimely under § 2244(d). Rec. Doc. 4, p. 2.

[32] The Court notes that petitioner filed numerous post-conviction applications and motions beginning in June 1998. However, because those applications and motions were filed after the expiration of the AEDPA's one-year statute of limitations, they have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.[33]

Accordingly, because petitioner has failed to establish that he is entitled to either statutory or equitable tolling, his federal application for *habeas corpus* relief had be filed on or before April 24, 1997, in order to be timely. In that his federal application was not filed until February 27, 2007,[34] it is untimely.[35]

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by David Lapell be **DISMISSED WITH PREJUDICE**.

---

[33] The Court notes that petitioner argues that he should be granted equitable tolling for several reasons. See Rec. Doc. 4. His arguments are unpersuasive. For example, petitioner contends that his failure to file his federal application within the limitations period was unintentional and that he only recently learned of the legal basis for his claims from inmate counsel. However, mistake, ignorance of the law, and a prisoner's *pro se* status are insufficient to justify equitable tolling. Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). He also argues that his claims are meritorious and that he has been subjected to a "miscarriage of justice." However, such considerations are not relevant when considering equitable tolling. The United States Fifth Circuit Court of Appeals has made clear that even claims of actual innocence do not justify equitable tolling. Cousin, 310 F.3d at 849.

[34] Petitioner signed the memorandum accompanying his application on February 27, 2007. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[35] Because the Court agrees that petitioner's federal application should be dismissed as untimely, the state's alternative grounds for dismissal need not be addressed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of July, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**